JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ELSA HENCINSKI

**(b)** County of Residence of First Listed Plaintiff  **DELAWARE**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
LAW OFFICE OF RICHARD B. BATEMAN, JR.
133 N. OLIVE STREET, FIRST FLOOR, MEDIA, PA

## DEFENDANTS
VILLANOVA UNIVERSITY IN THE STATE OF PENNSYLVANIA (ENTITY NO.: 376218)

County of Residence of First Listed Defendant  **DELAWARE**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964 amended, 42 U.S.C. 2000e, et seq.
Brief description of cause:
EMPLOYMENT DISCRIMINATION BASED ON NATIONAL ORIGIN AND ACCENT/LANGUAGE

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE 7/7/2025

SIGNATURE OF ATTORNEY OF RECORD *(signed)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: **VILLANOVA UNIVERSITY IN THE STATE OF PENNSYLVANIA**

---

**RELATED CASE IF ANY:** Case Number: **N/A.**    Judge: _____

1. Does this case involve property included in an earlier numbered suit? — Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? — Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? — Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? — Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. — Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts)
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☒ Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief *see certification below*
16. ☐ All Other Federal Question Cases. *(Please specify):*_____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*:_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

ELSA HENCINSKI                                  : CIVIL ACTION
                                                :
         v.                                     :
VILLANOVA UNIVERSITY:
IN THE STATE OF PENNSYLVANIA                    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.               (X)

07/07/25                                                    Plaintiff ELSA
Date           Attorney-at-law           Attorney for       HENCINSKI

610 566 3322   610 548 9986              rbateman@batemanlawoffice.com
Telephone      FAX Number                E-Mail Address

(Civ. 660) 10/02


American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELSA HENCINSKI<br>2324 Mole Road<br>Secane, PA 19018<br>　　Plaintiff, | :<br>:<br>:<br>: | No. |
| v. | : | |
| VILLANOVA UNIVERSITY IN THE<br>STATE OF PENNSYLVANIA<br>800 E. Lancaster Avenue<br>Villanova, PA 19085<br>　　Defendant. | :<br>:<br>:<br>:<br>: | JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

COMES NOW, Plaintiff, by counsel, and complains of Defendant as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. (hereinafter "Title VII"). This matter was filed within 90 days after receiving a right to sue letter from the Equal Employment Opportunity Commission.

### PARTIES

2. Plaintiff, Elsa Hencinski, is a Filipino female adult individual and at all times relevant hereto, resides at 2324 Mole Road, Secane, Pennsylvania 19018.

3. Defendant, Villanova University in the State of Pennsylvania (hereinafter "Villanova"), is a Pennsylvania Domestic Non-Profit Corporation (Entity No.: 376218) with a place of business located at 800 E. Lancaster Avenue, Villanova, Pennsylvania 19085.

4. At all times material hereto, Defendant Villanova employed hundreds of people.

5. At all times material hereto, Defendant Villanova was Plaintiff's employer.

6. Plaintiff was hired by Defendant Villanova and Plaintiff began working for Defendant Villanova on October 23, 2023, to work as part of Defendant's kitchen staff food prep, cook, and/or server/food distributer throughout the school year(s).

7. At the time Plaintiff first started working for Defendant Villanova, the kitchen staff manager of Defendant stated, "Your not allowed to speak Tagalog here", which is Plaintiff's native Phillipino language.

8. Plaintiff did not speak out or complain to the employer's restriction for employees not to be speaking "Tagalog" in fear of being fired/terminated.

9. Defendant Villanova only allowed it's employee(s) to speak English while in the kitchen.

10. On or about June 1, 2024, Plaintiff's daughter, Leilani, was eligible to be enrolled into Villanova's undergraduate program for Criminal Justice and Political Science as consideration to Plaintiff for her employment status.

11. Plaintiff's daughter started attending school at Defendant Villanova during the summer semester of 2024 due to enrollment requirements in the benefit program(s) through Plaintiff's employment.

12. Plaintiff's daughter succeeded in the summer program and started her full-time enrollment in August 2024 with Defendant Villanova.

13. After Plaintiff's Assistant Supervisor, Patricia Basto, learned of Plaintiff's daughter being eligible to be enrolled into Villanova's undergraduate program and began a course of conduct to discriminate against Plaintiff for being of Filipino national origin and descent.

14. Plaintiff had benefits from Defendant Villanova for her daughter through her employment including but not limited to free tuition for her daughter for her junior and senior year as she matriculated through the undergraduate program.

15. On or about November 6, 2024, Defendant Villanova through its supervisor(s) made accusations against Plaintiff Hencinski for theft of food.

16. Plaintiff did provide her daughter food from an outside vendor which food was not from Defendant Villanova's pantry and was not put in the Defendant's container(s) with the Defendant's logo; moreover, the food given to Plaintiff for her daughter was a gift from an outside vendor.

17. Defendant' kitchen supervisor(s) reported Plaintiff to Human Resources for theft and disobedience; however, the Report was false and made up by the supervisor.

18. Plaintiff offered to pay Defendant Villanova for the food that she gave to her daughter from the Vendor even though the food was being given to other student(s)/staff free of charge.

19. Prior to November 6, 2024, and after Plaintiff's daughter's enrollment at Villanova false accusation(s) were made by Defendant's supervisor(s), that Plaintiff was accused of not properly disposing of food; however, there were three (3) witnesses who can verify to Plaintiff abiding by Defendant's policies and disposing of the food properly.

20. On November 7, 2024, Plaintiff was terminated without a Termination Letter.

21. On or about December 4, 2024, Plaintiff's daughter, Leilani, wrote a letter to Defendant Villanova regarding Plaintiff's employment and the false accusation(s) made against her.

22. Defendant Villanova did not respond to Plaintiff's daughter until February 28, 2025, and advised that they were unable to communicate with her due to her not being the employee.

23. Defendant Villanova terminated Plaintiff's employment as a direct result of the false accusation(s) made against Plaintiff without investigating the situation fully.

24. Defendant Villanova used Plaintiff to set an example to the other Filipino worker(s).

25. Defendant Villanova failed to provide Plaintiff with a written Letter of Termination explaining the reason for her termination.

26. Defendant Villanova discriminated against Plaintiff due to her national origin and accent/language and her daughter being registered as a student at the University beginning in 2024 under the employment benefit program.

27. On two (2) different occasions, Patricia Basto, Assistant Manager for Defendant, verbally suggested to Plaintiff "we should just get you a cot and a man onsite, so you don't have to go home" knowing Plaintiff had a husband, insinuating that Filipino women only need a cot and a man.

28. Plaintiff never complained about the treatment she received from management due to the fear of being terminated.

29. Defendant Villanova was aware of Plaintiff's broken English (language issues) and took advantage of her partial understanding of their explanation for termination.

30. Defendant Villanova's kitchen supervisor(s) threatened Plaintiff about her daughter's enrollment status and tuition status for the upcoming school year(s) prior to termination.

31. Plaintiff suffers from economic losses and damages due to her termination from Defendant Villanova.

32. Plaintiff's daughter is not eligible for free tuition her junior and senior year as a direct result of Defendant Villanova terminating her employment due to her national origin and retaliation.

33. All of Defendant's action(s) for terminating Plaintiff were mere "pretext" to mask the true reason(s) for why Plaintiff was terminated.

## COUNT I – NATIONAL ORIGIN DISCRIMINATION

34. Plaintiff repeats paragraphs one (1) through thirty-three (33) as if more fully set forth herein.

35. By and through its joint, several and/or individual conduct, Defendant Villanova violated Title VII by intentionally discriminating against Plaintiff by terminating her employment because of her Filipino national origin.

## COUNT II – NATIONAL ORIGIN DISCRIMINATION

36. Plaintiff repeats paragraphs one (1) through thirty-five (35) as if more fully set forth herein.

37. By and through its joint, several and/or individual conduct, Defendant Villanova violated Title VII by intentionally discriminating against Plaintiff by terminating her employment because of her Filipino accent, dialogue, and language.

**WHEREFORE,** Plaintiff demands judgment against Defendant Villanova on Counts I and II for damages in an amount to be determined by a jury for pain and suffering, emotional distress, mental anguish, harm to reputation, lost income, punitive damages, costs, reasonable attorney's fees, and such other relief as the Court deems just and fair.

Date: 7/7/2025

Richard B. Bateman, Jr., Esquire
Attorney for Plaintiff