IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELSA HENCINSKI,<br><br>　　　　　*Plaintiff*,<br><br>　v.<br><br>VILLANOVA UNIVERSITY<br><br>　　　　　*Defendant*. | CIVIL CASE NO. 2:25-cv-03465-MRP |

### ANSWER AND AFFIRMATIVE DEFENSES
### OF DEFENDANT VILLANOVA UNIVERSITY

Defendant Villanova University ("Defendant" or "Villanova"), by and through its undersigned counsel, hereby respectfully submits the following Answer and Affirmative Defenses to the Complaint of Plaintiff Elsa Hencinski ("Plaintiff") (ECF No. 1), and avers as follows:

### JURISDICTION[1]

1. First sentence of this paragraph is denied as conclusions of law to which no response is required. To the extent that a response is required, Villanova does not dispute this Court's subject matter jurisdiction over this matter. Second sentence of this paragraph does not pertain to Villanova; however, it is admitted.

### PARTIES

2. Denied as Villanova is without sufficient information or knowledge to respond to the averment in this paragraph.

---

[1] The headings contained in this Answer follow the headings of Plaintiff's Complaint for ease of reference only and do not constitute any admissions by Defendant Villanova University.

3. Admitted in part, denied in part. Admitted only that Villanova University in the State of Pennsylvania is a non-profit institution of higher education with a corporate address at 800 Lancaster Ave., Villanova, PA 19085. The remaining averments in this paragraph are denied.

4. Admitted.

5. Admitted.

6. Admitted in part; denied in part. It is admitted that Villanova hired Plaintiff on October 23, 2023 as a Dining Services Hospitality Associate at Donahue Hall. It is further admitted that Plaintiff's job duties included food preparation and food distribution. The remaining averments in this paragraph are denied.

7. Denied as Villanova is without sufficient information or knowledge to respond to the averment in this paragraph.

8. Denied as Villanova is without sufficient information or knowledge to respond to the averment in this paragraph.

9. Denied as stated. Villanova encourages its employees to speak a common language in client-facing areas and locations for teamwork and business necessity reasons.

10. Denied as Villanova is without sufficient information or knowledge to respond to the averment in this paragraph.

11. Admitted in part, denied in part. Admitted only that Plaintiff's daughter enrolled as a student at Villanova. Villanova is without sufficient information or knowledge to respond to the remaining averment in this paragraph, which are therefore denied.

12. Denied as Villanova is without sufficient information or knowledge to respond to the averment in this paragraph.

13. Denied. It is specifically denied that Plaintiff was treated as alleged in this paragraph or that she was subjected to discrimination or any other unlawful conditions in any respect. To the contrary, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of discrimination. At no time relevant hereto was Villanova motivated by Plaintiff's national origin, descent, language, or accent.

14. Admitted in part, denied in part. It is admitted that Villanova offers a Tuition Remission Program to eligible employees. Villanova is without sufficient information or knowledge to respond to the remaining averments in this paragraph and they are, therefore, denied.

15. Admitted.

16. Denied as stated. It is admitted only that Plaintiff provided her daughter food from a Sushi Pop Up station which the University's Dining Services procured for student dining. By way of further answer, Plaintiff did so after the dining hall was closed and her daughter did not pay for the food. It is specifically denied that an outside vendor could "gift" food that had been purchased by the University to Plaintiff's daughter. The remaining averments in this paragraph are denied as Villanova is without sufficient information or knowledge to respond to the remaining averments in this paragraph.

17. Admitted in part; denied in part. It is admitted that Villanova's General Manager reported Plaintiff's theft and insubordination to Human Resources. By way of further answer, this incident was not the first time that Plaintiff had taken or attempted to

3

take food from the workplace after being advised that it was against policy. It is specifically denied that this report was false or made up by Villanova's General Manager or any other supervisor.

18. Denied as stated. By way of further answer, students were not given the food free of charge and staff on duty were allowed to eat certain food during breaks.

19. Denied as Villanova is without sufficient information or knowledge to respond to the averment in this paragraph.

20. Admitted in part; denied in part. It is admitted that Villanova terminated Plaintiff's employment on November 7, 2024. By way of further response, Plaintiff signed the document regarding her termination, which is a writing that speaks for itself and any allegations inconsistent with its complete substance are denied. The remaining averments in this paragraph are denied.

21. Admitted in part, denied in part. Admitted only that Plaintiff's daughter sent an undated letter to Villanova. Villanova is without sufficient information or knowledge as to when Plaintiff's daughter wrote the letter, therefore, that allegation is specifically denied. By way of further answer, the letter is a writing that speaks for itself, and Villanova denies any allegations in this paragraph that seek to paraphrase or characterize that letter that are inconsistent with its complete substance. It is specifically denied that Villanova made false accusation(s) against Plaintiff.

22. Denied. By way of further answer, Villanova responded to Plaintiff's daughter on December 4, 2024, on January 17, 2025, and on February 28, 2025.

23. Denied. It is specifically denied that Plaintiff was treated as alleged in this paragraph or that she was subjected to discrimination or any other unlawful conditions in

any respect. To the contrary, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of discrimination. At no time relevant hereto was Villanova motivated by Plaintiff's national origin, descent, language, or accent.

24.     Denied.

25.     Denied. By way of further response, Plaintiff signed the document regarding her termination.

26.     Denied. It is specifically denied that Plaintiff was treated as alleged in this paragraph or that she was subjected to discrimination or any other unlawful conditions in any respect. To the contrary, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of discrimination. At no time relevant hereto was Villanova motivated by Plaintiff's national origin, descent, language, or accent.

27.     Denied.

28.     Denied as Villanova is without sufficient information or knowledge to respond to the averment in this paragraph.

29.     Denied. It is specifically denied that Plaintiff speaks "broken English."

30.     Denied.

31.     Denied as conclusions of law to which no response is required. To the extent a response is required, denied. By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of discrimination. At no time relevant hereto was Villanova motivated by Plaintiff's national

origin, descent, language, or accent.

32. Denied as conclusions of law to which no response is required. To the extent a response is required, denied. By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of discrimination or retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's national origin, descent, language, or accent or retaliation.

33. Denied as conclusions of law to which no response is required. To the extent a response is required, denied. By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of discrimination or retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's national origin, descent, language, or accent.

## **COUNT 1 – NATIONAL ORIGIN DISCRIMINATION**

34. The Defendant incorporates by reference the foregoing paragraphs as fully set forth at length therein.

35. Denied as conclusions of law to which no response is required. To the extent a response is required, denied. By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of discrimination or retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's national origin or descent.

## COUNT II – NATIONAL ORIGIN DISCRIMINATION

36. The Defendant incorporates by reference the foregoing paragraphs as fully set forth at length therein.

37. Denied as conclusions of law to which no response is required. To the extent a response is required, denied. By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of discrimination or retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's national origin, descent, accent, dialogue, or language.

**WHEREFORE**, Villanova respectfully requests judgment in its favor and against Plaintiff, plus attorneys' fees, costs, and further relief deemed appropriate by this Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for monetary relief is barred to the extent that she failed to mitigate her damages or suffered no damages. In the alternative, to the extent Plaintiff has mitigated any alleged damages, Villanova is entitled to a set-off for any such savings.

### THIRD AFFIRMATIVE DEFENSE

At all relevant times, Villanova made good faith efforts to comply with Title VII.

### FOURTH AFFIRMATIVE DEFENSE

At all times relevant to Plaintiff's claims herein, Villanova acted in good faith.

**FIFTH AFFIRMATIVE DEFENSE**

At all times relevant to Plaintiff's claims herein, Villanova acted in a lawful manner and did not engage in any unlawful practices or violate any law and/or statute.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because all alleged actions of Villanova were proper, privileged, justified and undertaken in good faith.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim for compensatory or punitive damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages is barred because Villanova did not engage in any practice with actual malice or reckless, wanton or willful disregard for Plaintiff's rights.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the failure to exhaust internal or external administrative remedies.

**ELEVENTH AFFIRMATIVE DEFENSE**

No impermissible factor played any role whatsoever in any adverse employment action. Moreover, even if some impermissible motive were a factor which Villanova denies, Villanova would have made the same decision(s) for legitimate business reasons.

### TWELFTH AFFIRMATIVE DEFENSE

Villanova did not discriminate or retaliate against Plaintiff on the basis of her national origin, descent, language, dialect, or accent.

### THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or loss, such damages or loss were not caused by any wrongful or intentional conduct on the part of Villanova.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish that she suffered any damages as a direct or proximate result of any actions or omissions on behalf of Villanova.

### FIFTEENTH AFFIRMATIVE DEFENSE

At all material times, Villanova's actions were based upon legitimate, nondiscriminatory, and non-pretextual business reasons and upon reasonable factors other than Plaintiff's national origin, descent, language, dialect, or accent.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff was treated the same as all other similarly situated employees at all times.

### SEVENTEEN AFFIRMATIVE DEFENSE

Plaintiff's lawsuit is frivolous, unreasonable, and without foundation and Villanova, therefore, is entitled to an award of attorneys' fees.

### EIGHTEENTH AFFIRMATIVE DEFENSE

This Court is without jurisdiction over all alleged acts of discrimination or retaliation that were not stated in Plaintiff's Charge of Discrimination filed with the EEOC.

### NINETEENTH AFFIRMATIVE DEFENSE

Villanova did not engage in extreme or outrageous behavior and did not cause any

emotional, psychological or mental distress upon Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claimed damages in the Complaint, in whole or in part, are barred or limited under Title VII.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claimed damages are limited pursuant to the doctrine of after-acquired evidence.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Villanova or to otherwise avoid harm.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Villanova reserves the right to assert further defenses as they become apparent through discovery or investigation.

**WHEREFORE**, Villanova respectfully requests judgment in its favor and against Plaintiff, plus attorneys' fees, costs, and further relief deemed appropriate by this Court.

Respectfully submitted,

Date: September 15, 2025          **TUCKER LAW GROUP, LLC**

<u>/s/ Kathleen Kirkpatrick</u>
Kathleen Kirkpatrick, Esq.
Yuliya Khromyak, Esq.
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
*Counsel for Defendant Villanova University*

## CERTIFICATE OF SERVICE

I, Kathleen Kirkpatrick, Esquire, hereby certify that I caused to be served a true and correct copy of the foregoing document to the following counsel of record via the Court's electronic filing system:

Richard B. Bateman, Esquire
LAW OFFICES OF RICHARD B. BATEMAN, JR.
133 N. Olive Street
First Floor
Media, PA 19063
*rbateman@batemanlawoffice.com*

**TUCKER LAW GROUP**

*/s/ Kathleen Kirkpatrick*
Kathleen Kirkpatrick, Esq.

Dated: September 15, 2025