## JOINT STATUS REPORT PURSUANT TO RULE 26(F)

Caption: <u>HENCINSKI v. VILLANOVA UNIVERSITY IN THE STATE OF</u>
      <u>PENNSYLVANIA</u>

Civil Action No:  <u>25-cv-3465-MRP</u>

Basis of Jurisdiction:  <u>Federal Question (Title VII)</u>

Jury Trial: <u>X</u>     Non-Jury Trial:<u>         </u>     Arbitration: <u>     </u>

1.  Plaintiff's brief factual summation of the case and claims:

Plaintiff, Elsa Hencinski, is a Filipino female adult individual and believes that Defendant, Villanova University in the State of Pennsylvania (hereinafter "Villanova") terminated her employment in violation of Title VII by intentionally discriminating against Plaintiff by terminating her employment because of her Filipino national origin. Defendant, Villanova also violated Title VII by intentionally discriminating against Plaintiff by terminating her employment because of her Filipino accent, dialogue, and language.

At the time Plaintiff first started working for Defendant Villanova, the kitchen staff manager of Defendant stated, "Your not allowed to speak Tagalog here", which is Plaintiff's native Phillipino language.  Plaintiff did not speak out or complain to the employer's restriction for employees not to be speaking "Tagalog" in fear of being fired/terminated.  Defendant Villanova only allowed it's employee(s) to speak English while in the kitchen.
On or about June 1, 2024, Plaintiff's daughter, Leilani, was eligible to be enrolled into Villanova's undergraduate program for Criminal Justice and Political Science as consideration to Plaintiff for her employment status.  Plaintiff's daughter started attending school at Defendant Villanova during the summer semester of 2024 due to enrollment requirements in the benefit program(s) through Plaintiff's employment.  Plaintiff's daughter succeeded in the summer program and started her full-time enrollment in August 2024 with Defendant Villanova.
After Plaintiff's Assistant Supervisor, Patricia Basto, learned of Plaintiff's daughter being eligible to be enrolled into Villanova's undergraduate program and began a course of conduct to discriminate against Plaintiff for being of Filipino national origin and descent.

Plaintiff had benefits from Defendant Villanova for her daughter through her employment including but not limited to free tuition for her daughter for her junior and senior year as she matriculated through the undergraduate program.   On or about November 6, 2024, Defendant Villanova through its supervisor(s) made false accusations against Plaintiff Hencinski for theft of food.  Plaintiff did provide her daughter food from an outside vendor which food was not from Defendant Villanova's pantry and was not put in the Defendant's container(s) with the Defendant's logo; moreover, the food given to Plaintiff for her daughter was a gift from an outside vendor. Defendant' kitchen supervisor(s) reported Plaintiff to Human Resources for theft and disobedience; however, the Report was false and made up by the supervisor.

Prior to November 6, 2024, and after Plaintiff's daughter's enrollment at Villanova false accusation(s) were made by Defendant's supervisor(s), that Plaintiff was accused of not properly disposing of food; however, there were three (3) witnesses who can verify to Plaintiff abiding by Defendant's policies and disposing of the food properly.  On November 7, 2024, Plaintiff was terminated without a Termination Letter.  Defendant Villanova terminated Plaintiff's employment as a direct result of the false accusation(s) made against Plaintiff without investigating the situation fully. Defendant Villanova used Plaintiff to set an example to the other Filipino worker(s). Defendant Villanova failed to provide Plaintiff with a written Letter of Termination explaining the reason for her termination. Defendant Villanova discriminated against Plaintiff due to her national origin and accent/language and her daughter being registered as a student at the University beginning in 2024 under the employment benefit program.

On two (2) different occasions, Patricia Basto, Assistant Manager for Defendant, verbally suggested to Plaintiff "we should just get you a cot and a man onsite, so you don't have to go home" knowing Plaintiff had a husband, insinuating that Filipino women only need a cot and a man.  Plaintiff never complained about the treatment she received from management due to the fear of being terminated.

Defendant Villanova was aware of Plaintiff's broken English (language issues) and took advantage of her partial understanding of their explanation for termination.  Defendant Villanova's kitchen supervisor(s) threatened Plaintiff about her daughter's enrollment status and tuition status for the upcoming school year(s) prior to termination.

Plaintiff suffers from economic losses and damages due to her termination from Defendant Villanova. Plaintiff lost free tuition benefits for her daughter's junior and senior year as a direct result of Defendant Villanova terminating her employment due to her national origin and retaliation. All of Defendant's action(s) for terminating Plaintiff were mere "pretext" to mask the true reason(s) for why Plaintiff was terminated. Plaintiff, Elsa Hencinski was subjected to humiliation, embarrassment, and mental anguish as a consequence of her termination from employment. Plaintiff is seeking lost pay, benefits, past, present and future student tuition benefits for her daughter, lost future pay, compensatory damages for emotional pain and suffering, punitive damages, and attorneys' fees and costs.

2. Defendant's brief factual summation of the case, claims, and defenses:

Villanova University's policies prohibit employees from taking food off premises. Plaintiff worked for Villanova University as a Dining Services Hospitality Associate at Donahue Hall. On November 6, 2024, Plaintiff asked a manager if she could pack up some food for her daughter, who attended Villanova as an undergraduate student. The manager explained to Plaintiff that this was against University policy. Plaintiff told the manager she understood.

Later that evening, a supervisor reported to the manager that she saw Plaintiff give her daughter a box of food after the dining hall had closed.  When asked about this by the manager, Plaintiff confirmed. Plaintiff initially said it was limited to cookies in a box but then admitted that she also gave her daughter sushi, despite the manager instructing Plaintiff earlier that day not to do so.

Plaintiff's employment was terminated the next day for insubordination and failure to follow instructions and theft. Plaintiff signed the termination notice presented to her during the termination meeting. Following her termination, Plaintiff spoke with HR and told HR that the manager in question was the best manager she ever had and that her termination was not discriminatory.

Villanova University did not discriminate against Plaintiff. To the Contrary, Plaintiff's termination was based solely on her own theft and insubordination. It was not in any part based on her national origin or language, and there was a business necessity to the University's English-only rule. Despite Plaintiff's allegations in her Complaint, Plaintiff speaks fluent English. Further, Plaintiff's allegations that she was "targeted" because she was enrolled in the Tuition Assistance Program for her daughter's undergraduate tuition are not actionable under Title VII because that is not a protected characteristic.

3.  Plaintiff's counsel participating in the Rule 16 Conference:    Richard B. Bateman, Jr., Esq.

4.  Defendant's counsel participating in the Rule 16 Conference: Yuliya Khromyak, Esq.

5.  When did the parties hold the Rule 26 Conference? November 18, 2025 at 10 a.m.

6.  When did the parties comply with Rule 26(a)'s duty of self-executing disclosure? Parties will exchange their Initial Disclosures by Friday, November 21, 2025

7.  Plan for Discovery:

    a.  The parties anticipate that discovery should be completed within 120 days.

    b.  If you contend the discovery period should exceed 90 days, please explain:
        The intervening holiday season makes scheduling depositions and obtaining documents from third parties more burdensome and lengthier, and witnesses are generally not available during the holiday season due to time off. Further, Kathleen Kirkpatrick, Defendant's lead trial counsel is attached to the following trials in this Court over the next three months:
        - Amelotti v. Drexel – begins January 12, 2026
        - Ploeger v. Penn – begins March 16, 2026

    c.  Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)? Yes

    d.  Identify any other discovery issues that should be addressed at the Rule 16 Conference, including limitations on discovery, protective orders needed, or other elements which should be included in a particularized discovery plan: N/A

e.    Does either side anticipate the use of experts?  <u>Neither side anticipates use of experts.</u>  If yes, what is the proposed deadline for expert discovery?  <u>N/A</u>

8.   Proposed deadline for filing dispositive motions: <u>60 days after discovery closes</u>

9.   Approximate date case should be trial-ready: <u>60 days after ruling on dispositive motion issued</u>

10.  Time for Plaintiff's case: <u>2 days</u>            Time for Defendant's case:  <u>2 days</u>

11.  Does your client consent to proceeding before a Magistrate Judge for final disposition? <u>Villanova University does not consent.</u>

12.  Is a settlement conference likely to be helpful? <u>Yes</u>

If so, when: Early <u>No </u>(yes/no) After Discovery <u>Yes </u>(yes/no)

**In addition to being filed in ECF, this 26F report should be emailed to:**
**Perez_Chambers@paed.uscourts.gov**